# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SALVADOR GUILLEN-RICO,

    *Petitioner*,

3:08-cv-00467-ECR-VPC

vs.

ORDER

UNITED STATES OF AMERICA *et al.*,

    *Respondents*.

      This habeas matter under 28 U.S.C. § 2254 comes before the Court on the pending *sua sponte* inquiry into whether the petition, as amended, should be dismissed because none of the claims were exhausted and for initial review of the second amended petition (#10) under Rule 4 of the Rules Governing Section 2254 Cases.  The filing of the second amended petition was necessary because petitioner had not named the proper respondent in his prior pleadings.  The petitioner previously responded to the Court's show cause order (#4) on the exhaustion issue in his motion to commence proceedings.  He attaches another copy of this prior response with his second amended petition, and he further seeks to excuse the lack of exhaustion in his responses to the exhaustion inquiries in the petition form.

      The papers submitted reflect the following facts, which are accepted as true for purposes of the current review only.  Petitioner Salvador Guillen-Rico was convicted on or about November 11, 2007, in Nevada state court, pursuant to a guilty plea, of conspiracy to sell a controlled substance, to wit, methamphetamine.  He was sentenced to 12 to 36 months

1   imprisonment.  Petitioner did not file a direct appeal from the judgment of conviction, and he

2   has not filed a state post-conviction petition or any other requests for collateral review in the

3   state courts.  Petitioner was paroled by state authorities in early 2008, and he currently is in

4   federal immigration custody in Arizona awaiting removal from the United States.

5        Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court

6   remedies on a claim before presenting that claim to the federal courts.  To satisfy this

7   exhaustion requirement, the claim must have been fairly presented to the state courts

8   completely through to the highest court available, in this case the Supreme Court of Nevada.

9   *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329

10  F.3d 1069, 1075 (9th Cir. 2003).  The exhaustion requirement insures that the state courts, as

11  a matter of federal-state comity, will have the first opportunity to pass upon and correct

12  alleged violations of federal constitutional guarantees.  *See,e.g., Coleman v. Thompson*, 501

13  U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

14       In the present case, petitioner has completely failed to exhaust any of his claims.

15       Petitioner contends that he should not be required to exhaust his state judicial

16  remedies because he did not know that he was going to be facing removal from the United

17  States as a consequence of his plea at the time of his plea.  He maintains that he was led to

18  believe by his counsel that he would be placed on probation but he instead was sentenced

19  to 12 to 36 months.  He further contends that he has no available remedies in the state courts

20  because his claims now would be time-barred in the state courts.

21       Petitioner's alleged ignorance of the immigration consequences of his plea does not

22  provide a basis for his proceeding directly to federal court.  His allegation that he did not know

23  that there were immigration consequences to pleading guilty to a felony drug offense as a

24  non-citizen perhaps may have some relevance to the merits of his claims.[1]  But it does not

25  provide a basis for failing to present his claims to the state courts in the first instance.

26  _____

27        [1]The Court notes, however, that paragraph 13 of the guilty plea agreement attached with #8 states: "I
    understand that this plea and resulting conviction may have adverse effects upon my residency in this country
28  if I am <u>not</u> a U.S. Citizen."  (emphasis in original)

1    This conclusion applies with even greater force to the petitioner's allegation that he was

2    led to believe that he would be placed on probation but instead received a prison sentence.

3    If petitioner did not receive the sentence that he allegedly was led to believe that he would

4    receive, the onus was upon him to challenge his conviction and sentence in the state courts.

5    His failure to seek relief until after he was paroled by state authorities does not provide a

6    basis for avoiding the exhaustion requirement.

7    Petitioner's further contention that exhaustion should be excused for lack of available

8    state remedies similarly is unpersuasive.

9    First, petitioner filed his original federal petition in this matter within the one-year period

10   for filing a state post-conviction petition.  There was no valid reason why petitioner could not

11   have instead sought relief first in the state courts.  He simply bypassed the state courts.

12   Second, the grounds for avoiding a procedural bar in the Nevada state courts, such

13   as the state post-conviction time-bar, are substantially the same in the state courts as they

14   are in federal court.[2]  Thus, if petitioner is able to overcome the state time bar by, *e.g.*,

15   showing cause and prejudice, then he still will have an available remedy in the state courts,

16   and he can demonstrate such cause and prejudice when he seeks state post-conviction relief.

17   If, on the other hand, petitioner cannot demonstrate a basis for overcoming the procedural

18   default of his claims under the substantially identical state and federal standards, his claims

19   then will be subject to dismissal with prejudice on the basis of procedural default.  His claims

20   thus are subject to dismissal either way, either without prejudice for lack of exhaustion or with

21

22   [2]That is, the Nevada state courts apply substantially the same cause-and-prejudice standard as is

23   applied in federal court in determining whether to excuse a procedural default.  *See,e.g., Mitchell v. State*,
     149 P.3d 33, 36 (Nev. 2006)("A petitioner can overcome the bar to an untimely or successive petition by

24   showing good cause and prejudice."); *see also Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir.
     2004)(recognizing that Nevada's cause-and-prejudice analysis and the federal cause-and-prejudice analysis

25   are nearly identical).  And the state courts apply the same federal standard in determining whether to avoid a
     procedural default on the basis that a fundamental miscarriage of justice would result from failure to consider

26   a claim because the constitutional violation has likely resulted in the conviction of a person who is actually
     innocent.  *See,e.g., Mitchell*, 149 P.3d at 36 ("Even when a petitioner cannot show good cause sufficient to

27   overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner
     can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually

28   innocent," *citing  Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

1   prejudice as procedurally defaulted.  The Court will enter a without prejudice dismissal, such

2   that this Court's order, in and of itself, will not preclude the pursuit of state relief.

3          Petitioner further requests that his petition be stayed while he exhausts his claims.

4   However, the entire petition is subject to immediate dismissal because none of the claims in

5   the federal petition have been exhausted.  *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.

6   2006); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001).

7          IT THEREFORE IS ORDERED that the petition for a writ of habeas corpus, as

8   amended, shall be DISMISSED without prejudice for lack of exhaustion.  The Clerk of Court

9   shall enter final judgment accordingly, dismissing this action without prejudice.

10         IT FURTHER IS ORDERED that, pursuant to Rule 4 of the Rules Governing Section

11  2254 Cases, the Clerk of Court shall serve a copy of this order and the final judgment upon

12  respondents by sending same by certified mail to the Office of the Attorney General, Criminal

13  Division, 100 North Carson St., Carson City, NV 89701-4717.  No response is required from

14  the respondents in this matter.

15         DATED: April 2, 2009

16

17

18  _____

19  EDWARD C. REED
    United States District Judge

20

21

22

23

24

25

26

27

28